220 So.2d 822 (1969)
NEWTON INVESTMENT COMPANY, Inc.
v.
BARNARD AND BURK, INC.
No. 45288.
Supreme Court of Mississippi.
March 31, 1969.
White & White, Gulfport, for appellant.
Simrall, Aultman & Pope, Hattiesburg, for appellee.
ETHRIDGE, Chief Justice:
This is a suit by an owner against an engineering firm for negligent issuance of erroneous certificates of unit costs in a construction contract, which caused the owner to overpay the contractor and release pro tanto the surety. Newton Investment Company, Inc., brought this action *823 in the Chancery Court of Harrison County against Barnard and Burk, Inc., defendant-appellee. The trial court held that defendant was not guilty of negligence in issuing the certificates, and, further, that complainant corporation was estopped by the actions of its owner and president, Wendell Newton, with reference to the unit prices in question. We affirm.
Wendell Newton developed a small residential subdivision, and in August 1965 Newton Investment Company entered into two contracts with C & G Construction Company, Inc., to develop another subdivision on the other side of the street. They were water and sewer and street and drainage contracts. Boston Insurance Company became surety on payment and performance bonds covering each of the contracts. Work was to be completed within ninety days. The contracts did not provide for a specific method of payment of the total contract price, but progress payments were made by Newton to the contractor, C & G, pursuant to certifications of work completed prepared by Barnard and Burk.
Newton originally sued C & G and Boston Insurance Company for damages resulting from delays in performance, attorneys' fees, and overpayments made by Newton to third parties in order to complete the contract after default by C & G. Boston Insurance Company pleaded a pro tanto release because of overpayments by Newton not in compliance with the contract. Newton amended its bill of complaint to aver that, in the event it was denied recovery against the surety, denial would be based upon the negligence of Barnard and Burk, Inc., who was made a defendant, in its certification of progress payments not in compliance with the contract and in its failure to exercise the reasonable care required of an engineer. Various laborers and materialmen were also made parties. Newton then made an agreement with all parties to the suit, other than Barnard and Burk, releasing them in consideration of $8500, and a consent decree was entered. Newton's fourth amended bill averred that the surety had been pro tanto released by the negligently issued certificates of Barnard and Burk.
The controversy centers around three particular items:
(1) Certification of $15 per linear foot for 75 feet of pipe, rather than $1.50 per foot: $6,413.00.
(2) Certification of 2,245 feet of pipe rather than 1,944.5 feet actually installed: $662.20;
(3) Certification of progress payments after default for 55 days at a $50 per day penalty: $2,750.00.
The trial court held that complainant was estopped to assert damages as to items (1) and (3), because of what took place at a meeting on January 17, 1966 between Newton, a representative of the contractor, and the defendant's engineer, T.L. Van Fossen. After issuance of estimate No. 2, paying the contractor on the basis of a unit price of $1.50, the contractor requested this meeting, which lasted for several hours. The contractor took the position that it had bid $15 per linear foot rather than $1.50. The stated unit price in the bid was $1.50, but the extension price on the same line was $7,125, which latter figure would be in accord with a unit price of $15 per foot. The contractor insisted on the larger figure and threatened to abandon the job if payments were not made on that basis. Van Fossen advised Newton that the unit price should control, but that the risk of considerable further delay if the contractor abandoned the project was a fact which the owner must consider. Newton was anxious to get the job completed, and after being fully advised, he agreed to pay on the basis of $15.00 per foot on estimate No. 3, in order to get the contractor to go ahead and finish the contract. At that meeting Newton executed and delivered checks to the contractor in accord with that agreement.
At the same meeting, item No. 3 pertaining to a delay penalty of $50 per day *824 as liquidated damages was discussed. Newton did not request Van Fossen to invoke the penalty clause. Newton did not invoke it, although the contract provided that it was the one empowered to do so. Newton knew that the penalty provision was in the contract and that the contractor was subject to it.
On both of these issues the evidence was in conflict. Newton denied any agreements and asserted that Van Fossen told him that they could later invoke the penalty clause, apply retainage, and assert a claim against the surety. The chancery court found that Newton had been adequately advised by Van Fossen as to his rights, that he knew what the situation was, and that he was estopped by his own actions from asserting a claim against defendant for any overpayment on the pipe and a failure to invoke the $50 a day penalty clause.
With reference to item No. 2, when estimate No. 1 was certified by Van Fossen, there was in fact 2245 linear feet of pipe actually installed on the job by the contractor. Subsequently the City of Pass Christian agreed to pay the cost of 300.5 feet of pipe. The chancellor found that, when defendant's certificate was made, the city had not finally agreed to pay for part of the pipe, and that the certificate was correct. Six months later the city did agree, and defendant then notified Newton of this fact, advising that the contractor should be charged with the difference.
An engineer or architect may be held liable for negligence in the improper issuance of cost or progress certificates. State For Use of National Surety Corp. v. Malvaney, 221 Miss. 190, 72 So.2d 424, 43 A.L.R.2d 1212 (1954); 13 Am.Jur.2d Building and Construction Contracts § 33 (1964); Annot., 43 A.L.R.2d 1227 (1955). However, the general rule that a party may waive a right of action and amend the requirements of a contract is applicable to building and construction contracts. Rights arising from a delay in completion of construction work may be waived. Moreover, an owner, by his conduct, may be estopped from asserting noncompliance with the original terms of a construction contract or a related engineer's contract. 13 Am.Jur.2d Building and Construction Contracts §§ 75, 53, 55, 40 (1964).
In the instant case, the chancery court was warranted in finding, on conflicting evidence, that Newton waived its rights to assert a lower unit price on pipe and liquidated damages, and that it was estopped to assert as against the engineer a contrary position. In view of Newton's agreement to these items as a result of the meeting of January 17, 1966, the engineer was not negligent in making its payment certificates pursuant to that authorization. In short, the evidence supports the conclusions of the chancellor that defendant was not negligent and that Newton is esstopped to assert the contrary.
Affirmed.
RODGERS, JONES, BRADY and SMITH, JJ., concur.